IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | § |
| | § |
| | § CASE NUMBER 1:04-CR-5-1 |
| v. | § |
| | § |
| | § |
| | § |
| | § |
| KEITH ALFRED RANDALL | § |

REPORT AND RECOMMENDATION ON PETITION FOR WARRANT
FOR OFFENDER UNDER SUPERVISION

Pending is a "Petition for Warrant or Summons for Offender Under Supervision" filed May 25, 2021, alleging that the Defendant, Keith Alfred Randall, violated his conditions of supervised release. This matter is referred to the undersigned United States magistrate judge for review, hearing, and submission of a report with recommended findings of fact and conclusions of law. *See United States v. Rodriguez*, 23 F.3d 919, 920 n.1 (5th Cir. 1994); *see also* 18 U.S.C. § 3401(i) (2000); E.D. Tex. Crim. R. CR-59.

### I. The Original Conviction and Sentence

Keith Alfred Randall was sentenced on September 12, 2005, before The Honorable Thad Heartfield of the Eastern District of Texas after pleading guilty to Count 1: Felon in Possession of a Firearm, a Class C felony; and Count 21: Robbery of a United States Postal Service Employee, a Class C felony, of the Second Superseding Indictment. Count 1 carried a statutory maximum imprisonment term of 10 years and Count 21 carried a statutory maximum imprisonment term of 20 years. The guideline imprisonment range, based on a total offense level of 31 and a criminal history category of VI, was 188 to 235 months. Keith Alfred Randall was subsequently sentenced to 120 months imprisonment as to Count 1 and 220 months

imprisonment as to Count 21, to be served concurrently. The imprisonment term was to be followed by concurrent 3-year terms of supervised release. He is subject to the standard conditions of release, plus special conditions to include financial disclosure, credit restrictions, drug aftercare, $200 total special assessment, and $195 restitution.

## II. The Period of Supervision

On March 26, 2020, Randall completed his period of imprisonment and began service of the supervision term in the Southern District of Texas-Houston Division.

## III. The Petition

United States Probation filed the Petition for Warrant for Offender Under Supervision raising four allegations. The petition alleges that Randall violated the following conditions of release:

> <u>Allegation 1.</u> The Defendant shall not commit another federal, state, or local crime.
>
> <u>Allegation 2.</u> The defendant shall not leave the judicial district without the permission of the court or probation officer.
>
> <u>Allegation 3.</u> The Defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer.
>
> <u>Allegation 4.</u> The Defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer.

## IV. Proceedings

On November 18, 2021, the undersigned convened a hearing pursuant to Rule 32.1 of the Federal Rules of Criminal Procedure to hear evidence and arguments on whether the Defendant violated conditions of supervised release, and the appropriate course of action for any such violations.

At the revocation hearing, counsel for the Government and the Defendant announced an agreement as to a recommended disposition regarding the revocation. The Defendant agreed to plead "true" to allegations two and four. Allegation Two alleges that Randall was being supervised in the Southern District of Texas at the time of his arrest in Mississippi on or about February 27, 2021 and that he did not have permission from the Court or probation officer to be outside of the judicial district. Allegation Four alleges that Randall was arrested on or about February 27, 2021 by the Harrison County Sheriff's Office in Gulfport, Mississippi, and failed to notify his probation officer within 72 hours of his arrest. In return, the parties agreed that Randall should serve a term of 14 months' imprisonment, with no supervised release to follow.

## V. Principles of Analysis

According to Title 18 U.S.C. § 3583(e)(3), the court may revoke a term of supervised release and require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on post-release supervision, if the court, pursuant to the Federal Rules of Criminal Procedure applicable to revocation of probation or supervised release, finds by a preponderance of the evidence that the defendant violated a condition of supervised release, except that a defendant whose term is revoked under this paragraph may not be required to serve on any such revocation more than five years in prison if the offense that resulted in the term of supervised release is a Class A felony, more than three years if such offense is a Class B felony, more than two years in prison if such offense is a Class C or D felony, or more than one year in any other case. The original convictions were Class C Felonies, therefore, the maximum imprisonment sentence is 2 years and 2 years, respectively, which may be ordered to run consecutively or concurrently.

According to U.S.S.G. § 7B1.1(a)[1], if the court finds by a preponderance of the evidence that the Defendant violated conditions of supervision by leaving the judicial district without the permission of the court or probation officer, or if he failed to notify his probation officer within 72 hours of an arrest, the Defendant will be guilty of committing a Grade C violation. U.S.S.G. § 7B1.3(a)(2) indicates that upon a finding of a Grade C violation, the court may (A) revoke probation or supervised release; or (B) extend the term of probation or supervised release and/or modify the conditions of supervision.

U.S.S.G. § 7B1.4(a) provides that in the case of revocation of supervised release based on a Grade C violation and a criminal history category of VI, the policy statement imprisonment range is 8 to 14 months.

According to U.S.S.G. § 7B1.3(c)(2), where the minimum term of imprisonment determined under U.S.S.G. § 7B1.4 is more than six months but not more than ten months, the minimum term may be satisfied by (A) a sentence of imprisonment; or (B) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention according to the schedule in U.S.S.G. § 5C1.1(e), provided that at least one-half of the minimum term is satisfied by imprisonment.

According to 18 U.S.C. § 3583(h), when a term of supervised release is revoked and the defendant is required to serve a term of imprisonment, the court may include a requirement that the defendant be placed on a term of supervised release after imprisonment. The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of

---

1. All of the policy statements in Chapter 7 that govern sentences imposed upon revocation of supervised release are non-binding. *See* U.S.S.G. Ch. 7 Pt. A; *United States v. Price*, 519 F. App'x 560, 562 (11th Cir. 2013).

imprisonment that was imposed upon revocation of supervised release.  The authorized term of supervised release for this offense is not more than 3 years and 3 years, respectively.

In determining the Defendant's sentence, the court shall consider:

1. The nature and circumstance of the offense and the history and characteristics of the defendant; *see* 18 U.S.C. § 3553(a)(1);

2. The need for the sentence imposed: to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the Defendant with needed educational or vocational training, medical care, other corrective treatment in the most effective manner; *see* 18 U.S.C. §§ 3553 (a)(2)(B)-(D);

3. Applicable guidelines and policy statements issued by the Sentencing Commission, for the appropriate application of the provisions when modifying or revoking supervised release pursuant to 28 U.S.C. § 994(a)(3), that are in effect on the date the defendant is sentenced; *see* 18 U.S.C. 3553(a)(4); *see also* 28 U.S.C. § 924(A)(3);

4. Any pertinent policy statement issued by the Sentencing Commission, pursuant to 28 U.S.C. § 994(a)(2), that is in effect on the date the defendant is sentenced; *see* 18 U.S.C. § 3553(a)(5); and

5. The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; *see* 18 U.S.C. § 3553(a)(6).

6. The need to provide restitution to any victims of the offense.

18 U.S.C. §§ 3583(e) and 3553(a).

## VI. Application

The Defendant pled "true" to allegations two and four.  Based upon the Defendant's plea of "true" to these allegations of the Petition for Warrant or Summons for Offender Under Supervision and U.S.S.G. § 7B1.1(a), the undersigned finds that the Defendant violated conditions of supervised release.

The undersigned has carefully considered each of the factors listed in 18 U.S.C. § 3583(e).  The Defendant's violations are Grade C violations, and the criminal history category is VI.  The policy statement range in the Guidelines Manual is 8 to 14 months.  The Defendant did

not comply with the conditions of supervision and has demonstrated an unwillingness to adhere to conditions of supervision.

Consequently, incarceration appropriately addresses the Defendant's violations. The sentencing objectives of punishment, deterrence and rehabilitation along with the aforementioned statutory sentencing factors will best be served by a prison sentence of 14 months with no supervised release to follow.

## VII. Recommendations

The court should find that the Defendant violated the allegation in the petition that he violated standard conditions of release by leaving the judicial district without permission from the court or probation officer (Allegation Two) and failing to notify his probation officer within 72 hours of being arrested or questioned by a law enforcement officer (Allegation Four). The petition should be granted and the Defendant's supervised release should be revoked pursuant to 18 U.S.C. § 3583. The Defendant should be sentenced to a term of 14 months' imprisonment with no supervised release to follow. The Defendant requested to serve his prison term at the Federal Correctional Institution in Beaumont, Texas. The Defendant's request should be accommodated, if possible.

## VIII. Objections

At the close of the revocation hearing, the Defendant, defense counsel, and counsel for the government each signed a standard form waiving their right to object to the proposed findings and recommendations contained in this report, consenting to revocation of supervised release, and consenting to the imposition of the above sentence recommended in this report (involving all conditions of supervised release, if applicable). The Defendant also waived his right to be present and speak and have his counsel present and speak before the district court

imposes the recommended sentence. Therefore, the court may act on this report and recommendation immediately.

      SIGNED this 22nd day of November, 2021.

                                                                        _____
                                                                        Zack Hawthorn
                                                                        United States Magistrate Judge